UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV172-3-V
(3:02CR96-1-V)
(5:00CR15-2-V)

| | |
|---|---|
| JEREMY RAY DANNER,  ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, filed on April 19, 2007, (Document No. 1), and Petitioner's Motion for Leave to Expand the Record, (Document No. 2), filed on April 26, 2007. For the reasons stated herein, the Petitioner's Motion to Vacate will be denied and dismissed and Petitioner's Motion for Leave to Expand the Record will dismissed as moot.

**PROCEDURAL HISTORY**

A review of the record reveals that Petitioner pled guilty, on a written plea agreement, to conspiracy to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Petitioner was released on bond with an understanding that he would cooperate with law enforcement. Petitioner chose not to cooperate. His sentencing was set April 9, 2001, however Petitioner failed to appear. Petitioner was then charged with willful failure to appear for sentencing,[1] in violation of 18 U.S.C. §§ 3146(a)(1), (b), 3147 (2000). Petitioner then

---

[1] Case number 3:02cr96.

1

pled, straight up, to the failure to appear charge.² This Court sentenced Petitioner to 240 months imprisonment on the conspiracy conviction and 120 month term of imprisonment on the failure to appear conviction, to run consecutively to one another, for a total sentence of 360 months' imprisonment.³

On October 22, 2004 Petitioner filed a Notice of Appeal with the Fourth Circuit Court of Appeals. On September 21, 2005 the Fourth Circuit dismissed Petitioner's appeal upholding the waiver language in Petitioner's plea agreement specifically finding that the record demonstrated that the waiver was valid and that the issues sought to be appealed were within the scope of that waiver.⁴ The Fourth Circuit also stated that it had reviewed the entire record which supported the finding that this Court properly determined that Petitioner was clearly aware of Apprendi⁵ and its implications

---

² In July 2002, this Court consolidated the two criminal cases for all purposes. On September 7, 2004 this Court sentenced Petitioner as to the charges in both cases and issued one Judgment.

³ The Court also announced an alternative sentence, in the absence of the federal sentencing guidelines, of 281 months' imprisonment, pursuant to United States v. Hammound, 378 F.3d 426 (4th Cir.), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005).

⁴ In his appeal to the Fourth Circuit, Petitioner raised the following issues: (1) the district court abused its discretion in denying his motion to withdraw his guilty plea; (2) the district court erred in its findings as to the amount of drugs for which Petitioner was responsible; (3) the district court's consideration of hearsay evidence at sentencing violated his Sixth Amendment right to confrontation under Crawford v. Washington, 541 U.S. 36 (2004); (4) the district court clearly erred in denying him a downward departure for acceptance of responsibility on his failure to appear charge; and (5) his sentence is invalid in light of United States v. Booker, 125 S. Ct. 738 (2005). Additionally, Petitioner sought to challenge the district court's failure to distinguish between crack and cocaine base for sentencing purposes, citing United States v. Edwards, 397 F.3d 570 (7th Cir. 2005).

⁵ Apprendi v. New Jersey, 530 U.S. 466 (2000).

at the time he pled guilty.[6]

On April 20, 2007, Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective because: (1) his inaccurate advice resulted from a failure to undertake a good-faith analysis of all the relevant facts and applicable legal principles; (2) his counsel failed to advise him of Apprendi and its implications at the time he pled guilty (3) his counsel failed to object to an error of law affecting the calculation of his sentence; (4) counsel failed to object to the improper determination of the foreseeable amount of cocaine base. Petitioner also asserts that: (1) the Government failed to prove the substance was crack as defined by the Guidelines; (2) the use of hearsay to establish the drug amounts violated Petitioner's Sixth Amendment confrontation rights pursuant to Crawford; (3) he was prejudiced by a Booker error in that the Guidelines were treated as mandatory; and (4) his plea agreement is void as it calls for an illegal sentence.

## ANALYSIS

**I. INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's Motion to Vacate and the

---

[6] The Court went on to state that "even assuming, arguendu, that Danner had not been aware of Apprendi at the pertinent time, a post-plea change in the law does not provide a valid basis for withdrawing an otherwise valid plea. See United States v. Johnson, 410 F.3d 137, 152-53 (4th Cir. 2005); see also United States v. Blick, 408 F.3d 162, 170-73 (2005)." (Document No. 37.)

3

pertinent record evidence. As hereafter explained, such review clearly establishes that the Petitioner is not entitled to any relief on his claims.

**II. PETITIONER HAS WAIVED HIS RIGHT TO RAISE CLAIMS OTHER THAN INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTORIAL MISCONDUCT**

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 14, case no 5:00cr15, document number 20.) At his Rule 11 hearing, Petitioner swore under oath that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding.[7]

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[8] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216

---

[7] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[8] See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

(4th Cir. 2005). Consequently, this Court concludes, as did the Fourth Circuit Court of Appeals,[9] that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his conviction and sentence on all of the grounds raised in his Motion to Vacate that were not framed as ineffective assistance of counsel claims.

### III. PROCEDURAL BAR

Even if Petitioner had not waived his rights to raise these claims in a § 2255 proceeding, he has procedurally defaulted these claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). A review of the records reveals that Petitioner filed a direct appeal, but did not raise the specific claims contained in the instant Motion to Vacate on appeal. Petitioner does not sufficiently allege any basis for finding that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. Accordingly, his failure to raise these claims on direct review has resulted in their being procedurally defaulted. Id.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective

---

[9] In finding the waiving language enforceable, the Fourth Circuit found that during Petitioner's plea colloquy, this Court queried Petitioner and his attorney with regard to the plea agreement in general, and Petitioner agreed to the specific appellate waiver provision. In addition, Petitioner acknowledged that he understood the terms of the agreement. This Court found that Petitioner entered his plea knowingly and voluntarily. Additionally, this Court provided Petitioner with two opportunities to brief additional issues relative to his plea, throughly considered Petitioner's arguments in support of his motion to withdraw his plea and reaffirmed its determination that Petitioner's plea was valid under the law. ( See Unpublished opinion of the Fourth Circuit, Document No. 37.)

standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for

6

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Petitioner claims that his counsel was ineffective because: (1) his inaccurate advice resulted from a failure to undertake a good-faith analysis of all the relevant facts and applicable legal principles; (2) counsel failed to advise Petitioner of Apprendi and its implications at the time he pled guilty; (3) counsel failed to object to an error of law affecting the calculation of Petitioner's sentence and (4) counsel failed to object to the improper determination of the foreseeable amount of cocaine base. The Court will address each of Petitioner's claims with respect to ineffective assistance of counsel in turn.

First, Petitioner claims that his counsel was ineffective because he gave inaccurate advice which resulted "from a failure to undertake a good-faith analysis of all the relevant facts and

7

applicable legal principles." (Motion at 5.) Petitioner seems to argue that his counsel was ineffective for allowing him to plead guilty to a plea agreement which offered him no benefit. In support of this claim, Petitioner argues that his counsel did not even explain the <u>Apprendi</u> decision to him. This Court and the Fourth Circuit have already addressed this issue and found that Petitioner "was clearly aware of <u>Apprendi</u> and its implications at the time he pled guilty." (September 21, 2005 Unpublished Opinion at 3, 04-4913.) Because there has already been a finding that Petitioner was aware of Apprendi at the time he pled, Petitioner cannot establish prejudice from his counsel's alleged failure to advise him regarding <u>Apprendi</u> and its implications. Moreover, Petitioner made the decision to plead guilty and now must live with the consequences of that decision. Petitioner has previously raised the issue that his counsel did not adequately explain the provisions of the plea agreement with him. In fact, Petitioner moved to withdraw his guilty plea three times.[10] This Court allowed him two opportunities to brief additional issues relative to his plea, thoroughly considered his arguments in support of his motion to withdraw his plea, including the notion that his counsel had not explained all the details of the plea agreement to him, and concluded that Petitioner's plea was valid under the law. With respect to Petitioner's claim that his counsel was ineffective in failing to explain all the provisions of the plea agreement to him, this Court specifically stated that "... Mr. Tin is an extremely competent attorney. He's in the very first rank of attorneys who practice in this court. And it would be very unlikely that he could – he would have allowed the defendant

---

[10] Petitioner first made his motion to withdraw his guilty plea at his Sentencing Hearing on August 18, 2003. (See August 18, 2003 Sentencing Transcript.) The Court denied that motion. (See <u>id</u>. at 21.) Petitioner renewed his motion to withdraw his plea at his February 9, 2004 Sentencing Hearing (See February 9, 2004 Sentencing Transcript) and once again renewed his motion to withdraw his plea at his September 7, 2004 Sentencing Hearing (See September 7, 2004 Sentencing Transcript.) This Court denied that motion and sentenced Petitioner to a total of 360 months imprisonment.

to enter a knowing and involuntary – an unknowing and involuntary plea." The Court went on to state that Petitioner had competent counsel. "Mr. Tin and Mr. Gronquist and Mr. Falls are all competent in a high degree." (August 18, 2003 Sentencing Transcript at 20-21.) This Court has considered Petitioner's claim again, in the context of the instant motion, and remains convinced that Petitioner's counsel was not ineffective in connection with advising Petitioner of the consequences of the Plea Agreement. Petitioner has not established either prong of the Strickland test. Therefore, this claim will be denied.

Next, Petitioner claims that his "counsel was ineffective for failing to object to an error of law affecting the calculation of Petitioner's sentence." (Motion at 5.) Petitioner seems to be referring to the fact that no drug amounts were included in the Indictment, therefore the sentence he received was in violation of Apprendi and Blakely. What Petitioner is missing is that he pled guilty pursuant to a valid Plea Agreement in which he stipulated to the drug amount. Although he made several motions to withdraw his plea, such motions were denied. The Fourth Circuit has upheld this Court's denial of Petitioner's motions to withdraw his guilty plea and specifically concluded that Petitioner's plea was knowing and voluntary and that Petitioner was aware of Apprendi and its implications at the time he pled guilty. (See September 21, 2005 Unpublished Opinion at 3, 04-4913.) Since Petitioner pled guilty pursuant to a valid Plea Agreement which included a stipulation as to the drug amount, the fact that drug amounts were not specified in the Indictment is of no consequence. Petitioner has not established either prong of the Strickland test and this claim will be dismissed.

Finally, Petitioner contends that counsel failed to object to the improper determination of the foreseeable amount of cocaine base. Petitioner is incorrect. Petitioner's counsel made strenuous

objections and in fact put on evidence at Petitioner's sentencing hearing regarding the amount of cocaine for which Petitioner would be sentenced. Mr. Falls, Petitioner's counsel, argued that drug quantity was a proper issue for the sentencing court despite Petitioner's stipulation in the Plea Agreement for 1 ½ kilos of crack because he believed that he had an understanding with the Government that Petitioner would be permitted to argue for a lower drug amount at sentencing than previously stipulated to in the Plea Agreement. (September 7, 2004 Sentencing Transcript at 63.) Indeed, Mr. Falls also objected to the presentence report ("PSR") on the same basis. The Government disputed that this was the agreement reached with Mr. Falls, but Mr. Falls did not concede his position and put on evidence in an attempt to establish that Petitioner was responsible for a lesser quantity of drugs. (Id.) This Court overruled Mr. Falls' objection and sentenced Petitioner based on the amount of drugs stated in the PSR. Mr. Falls then sought to preserve two objections for the record; (1) that after July 9, 1998 Petitioner only dealt with the Government and cut the middle man out, therefore, based on the Sears rule, Petition should not be responsible for drug amounts that involve any other persons and (2) the use of hearsay to establish drug quantities was inappropriate. The Court overruled those objections but preserved them for the record. (September 7, 2004 Sentencing Transcript at 67.)

Based on the record in this case, including the September 7, 2004 Sentencing Hearing, it is clear that Petitioner's counsel was a fierce advocate for Petitioner. Counsel strenuously objected to the foreseeable amount of drugs for which Petitioner should be held accountable. Counsel put on evidence in an attempt to establish that Petitioner should be held accountable for a lesser amount of drugs than stated in the PSR and cited relevant case law in support of his argument. Even after this Court denied his objections, counsel was wise to be certain that his objections were preserved for

the record. Counsel was not deficient in his representation of Petitioner. Petitioner has failed to establish either prong of the Strickland test and this claim will be denied.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of the claims contained in her Motion to Vacate that were not framed as ineffective assistance of counsel claims as he has waived his right to seek collateral review of such claims in his Plea Agreement and, in the alternative, such claims are procedurally barred. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss these claims. With respect to the ineffective assistance of counsel claims outlined in this Order and found in Petitioner's Motion to Vacate beginning on page five, the Court concludes that Petitioner has not established either prong of the Strickland test and, as such, Petitioner's claims of ineffective assistance fo counsel are denied.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion to Vacate is denied and dismissed and

(2) Petitioner's Motion for Leave to Expand the record (Document No. 2) is denied as moot.

**SO ORDERED**.

Signed: May 21, 2007

Richard L. Voorhees
United States District Judge