IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO.: 3:02-cr-96-01-V
5:00-CR-15-02-V
3:07-cv-172

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMY RAY DANNER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# O R D E R

**THIS MATTER** is before the court on Petitioner's Motion to Correct Written Judgment in a Criminal Case (Doc. 49), filed October 13, 2009. Petitioner argues that this Court made a clerical error in imposing his sentence and judgment and that this Court should correct the purported error pursuant to Federal Rule of Criminal Procedure Rule 36. For the reasons stated below, Petitioner's motion is **DENIED.**

On September 7, 2004, this Court sentenced Petitioner to 360 months imprisonment, but in accordance with the Fourth Circuit's decision in *United States v. Hammoud*, 381 F.3d 316, 353 (4th Cir. 2004) (en banc), *vacated by* 543 U.S. 1097, 125 S. Ct. 1051, 160 L.Ed.2d 997 (2002), announced that if the guidelines were invalidated, Petitioner's alternative sentence would be 281 months in prison.

Petitioner subsequently appealed his sentence and on September 21, 2005, the Fourth Circuit denied Petitioner's appeal in an unpublished decision due in part to the appellate waiver Petitioner signed as part of his plea. On April 19, 2007, Petitioner filed a Motion to Vacate under

1

28 U.S.C. § 2255. This Court denied Petitioner's motion, noting that Petitioner waived his right

to raise claims other than ineffective assistance of counsel and prosecutorial misconduct:

> Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to
> challenge his sentence or conviction in post-conviction motions except for claims of
> ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 14,
> case no 5:00cr15, document number 20.) At his Rule 11 hearing, Petitioner swore under
> oath that, among other things, he understood that he was waiving his right to challenge
> his sentence or conviction in a post-conviction proceeding.

(Doc. 40.)

Petitioner now files a *pro se* motion, pursuant to Federal Rule of Criminal Procedure 36,

seeking the imposition of the alternative sentence of 281 months in light of the decision in

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).

Under Rule 36, a district court may correct clerical errors in the judgment or errors in the

record arising from oversight or omission. District courts may not, however, modify a sentence

under Rule 36. *United States v. Fraley*, 988 F.2d 4 (4th Cir. 1993). Rule 36 is employed to

correct errors that are clerical, rather than legal, in nature. *See United States v. Postell*, 2011 WL

609711, at *1 (4th Cir. Feb. 22, 2011) (per curiam) (citing *United States v. Johnson*, 571 F.3d

716, 718 (7th Cir. 2009); *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)

(per curiam) ("Rule 36 authorizes [courts] to correct only clerical errors, which exist when the

court intended one thing but by mere clerical mistake or oversight did another.") (internal

quotation marks omitted)). Moreover, unpublished case law from the Fourth Circuit has held that

district courts are without jurisdiction to hear a *Booker* sentencing claim through a Rule 36

motion. *United States v. Summerville*, No. 06-4242, 236 Fed. App'x 871, 2007 WL 1732888, at

*2 (4th Cir. 2007).

The present motions does not raise any new issues other than those presented in Petitioner's earlier petitions. Petitioner is attempting to collaterally attack his sentence under the guise of Federal Rule of Criminal Procedure 36, which this Court will deem a successive § 2255 Motion. Accordingly, Petitioner's Motion to Correct Written Judgment in a Criminal Case (Doc. 49) is **DENIED** because (1) Petitioner understood and waived his right to challenge his sentence or conviction in a post-conviction proceeding; and (2) Rule 36 does not permit the relief Petitioner requests.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Correct Written Judgment in a Criminal Case (Doc. 49) is **DENIED**.

Signed: May 18, 2011

Richard L. Voorhees
United States District Judge

3