UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:00-cr-15-MOC-2
(Related Case No. 3:02-cr-96)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JEREMY RAY DANNER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Jeremy Ray Danner's Motion to Reduce Sentence Pursuant to the First Step Act of 2018, (Doc. No. 305), and on his Supplemental Motion to Reduce Sentence Pursuant to the First Step Act of 2018, (Doc. No. 309). Also pending are the identical motions, filed in the related criminal action, 3:02cr96, (Docs. Nos. 59, 60). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc.

**I.    Background**

Between 1998 and 2000, Defendant participated in a drug-trafficking conspiracy that operated in western North Carolina, including in Watauga, Burke, and Mecklenburg Counties. (Doc. No. 219 at ¶¶ 23, 27–29, 31, 35, 42: PSR). Defendant sold large quantities of crack cocaine, totaling more than 1.5 kilograms of crack. (Id. at ¶ 42).

A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute powder and crack cocaine and heroin, 21 U.S.C. §§ 841(a)(1), 846; and five counts of possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B). (Id. at ¶¶ 1–5, 7). The Government filed a notice under 21 U.S.C. § 841(b), setting forth the drug quantities involved in each count of the indictment and alleging that the drug-trafficking

conspiracy involved more than 1.5 kilograms of crack cocaine. (Id. at ¶ 9). Defendant entered into a plea agreement with the Government, agreeing to plead guilty to the drug trafficking-conspiracy offense and admitting that more than 1.5 kilograms of crack were reasonably foreseeable to him. (Id. at ¶ 11).

After Defendant pled guilty, this Court ordered him released on bond. (Id. at ¶ 12). Defendant failed to appear for his sentencing hearing in April of 2001, however, and a federal grand jury later indicted Defendant and charged him with failing to appear, 18 U.S.C. §§ 3146(a)(1) and (b), 3147; and possessing a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 3147. (Id., Doc. No. 219 at ¶¶ 13, 16–17; see also No. 3:02CR96 (W.D.N.C.). Defendant pled guilty to the failure-to-appear offense. (No. 5:00CR15, Doc. No. 219 at ¶ 20).

The probation office calculated a base offense level of 38 based on Defendant's responsibility for more than 1.5 kilograms of crack. (Id. at ¶ 51). The probation office grouped Defendant's drug-trafficking and failure-to-appear offenses under Sentencing Guidelines § 3D1.2(c) and calculated a total offense level of 40. (Id. at ¶¶ 50, 67). The probation officer also noted that Defendant qualified as a career offender based on his prior convictions for breaking and entering and possession with intent to deliver cocaine, but because the career-offender guideline generated an adjusted offense level lower than the drug-trafficking guideline, the drug trafficking guideline governed Defendant's guideline range. (See id. at ¶ 65). Based on a total offense level of 40 and a criminal-history category of VI, the probation office calculated a Sentencing Guidelines range of imprisonment of between 360 months and life in prison. (Id. at ¶ 140). The probation office noted that 18 U.S.C. § 3146(b)(2) required that the sentence on the failure-to-appear count be served consecutively to Defendant's sentence on the drug-trafficking count. (Id.).

2

This Court sentenced Defendant to 240 months in prison for the drug-trafficking offense and to a consecutive term of 120 months in prison for the failure-to-appear offense, for an aggregate term of 360 months, at the bottom of the Guidelines range.  (Id., Doc. 202 at 2).  This Court explained that it found that under Apprendi v. New Jersey, 530 U.S. 466 (2000), Defendant could receive a maximum of 240 months in prison for his drug-trafficking offense and a maximum of 120 months in prison for his failure-to-appear offense.  (Id., Statement of Reasons at 3).  This Court sentenced Defendant to the statutory maximum terms, to be served consecutively, in order "to reach the low end of the guideline range of 360 months."  Id.

Defendant filed the pending motion on July 31, 2020, and his supplemental motion on August 17, 2020, arguing that this Court should exercise its discretion to impose, under the First Step Act, a reduced sentence of 262 months of imprisonment, and a supervised release term of three years.  Defendant further argues that, given that Defendant had already served at least 259 months of credited BOP time as of August 17, 2020, the Court should sentence Defendant to time served.  The Government has filed a response, in which the Government agrees that Defendant is entitled to relief under the First Step Act and that the Court should impose a 262-month sentence.  Specifically, the Government agrees that Defendant is eligible for a reduction in his drug-trafficking sentence to 142 months in prison and a reduction in his aggregate term of imprisonment to 262 months in prison.  The Government opposes a reduced sentence of time served.

**II.  Discussion**

When Defendant was charged and sentenced, the penalties for his offense were driven by Congress's decision in the Anti-Drug Abuse Act of 1986 to punish crack cocaine offenses 100 times more harshly than powder cocaine offenses, disproportionately impacting African-

3

American defendants. To lessen this disparity, Congress passed the Fair Sentencing Act of 2010, Pub. L. 111-220. Section 2 of the Act increased the quantity of cocaine base required to trigger Section 841's enhanced penalties by raising the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." These changes reduced the 100:1 ratio to an 18:1 ratio. Also, Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to people sentenced before the Act's passage. On December 21, 2018, the First Step Act of 2018 was enacted, giving retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See Pub. L. 115-135 (2018), § 404.

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction. Second, if the person is eligible, the court must exercise its discretion to determine whether to reduce the defendant's sentence and, if so, by how much. In doing so, the court must consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation.

First, the parties agree that, in light United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), Defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction. After considering the arguments made in support of the motion and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant is eligible for a sentence reduction to a term of 262 months of imprisonment. The Court declines, however, to sentence Defendant to time served. Accordingly, the Court enters the following Order.

**IT IS, THEREFORE, ORDERED** that:

**(1)** Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018, (Doc. No. 305), and his Supplemental Motion to Reduce Sentence Pursuant to the First Step Act of 2018, (Doc. No. 309), are **GRANTED**, and the Court hereby orders that Defendant's term of imprisonment is reduced to 262 months imprisonment. More specifically, the Court reduces Defendant's drug-trafficking sentence to 142 months in prison and his aggregate sentence to 262 months in prison, with a three-year supervised release term. All other terms and conditions of the original judgment shall remain the same.

**(2)** Defendant's identical motions, filed in the related criminal action, 3:02cr96, (Doc. Nos. 59, 60), are also **GRANTED**, and the Clerk is instructed to file this Order in the related action.

Signed: September 14, 2020

Max O. Cogburn Jr
United States District Judge